UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| JEFFREY JOEL JUDY,<br>an individual,<br><br>Plaintiff,<br>vs.<br><br>3046 DEL PRADO S, LLC,<br>a Florida Limited Liability Company,<br><br>Defendant. | CASE NO.: 2:26-cv-2943 |

**COMPLAINT**

Plaintiff, JEFFREY JUDY, ("Mr. Judy" or "Plaintiff") through his undersigned counsel, hereby files this Complaint and sues 3046 DEL PRADO S, LLC, a Florida Limited Liability Company, ("3046" or "Defendant") for declaratory and injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §§ 12181-12189 ("Title III of the Americans with Disabilities Act" or "ADA") and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in the Fort Myers Division of this Court pursuant to 28 U.S.C. §1391(b), and Local Rule 1.04(a) of the United States District Court for the Middle District of Florida.

3. Plaintiff, Jeffrey Judy, is a resident of Lee County, Florida.

4. Plaintiff is an individual with a disability as defined in 42 U.S.C. § 12102. Plaintiff was injured in a motorcycle accident and is paralyzed from the waist down. Additionally, Plaintiff is a double leg amputee. Due to his injuries, Mr. Judy is a T8-T9 paraplegic and uses a wheelchair as his primary means of mobility.

5. Defendant 3046 DEL PRADO S, LLC, is a Florida Limited Liability Company. According to Lee County public records, Parcel ID: 31-44-24-C3-00551.0680, Defendant is the owner of the real property and improvements which are the subject of this action: located at 3046-3050 Del Prado Blvd S, Cape Coral, FL 33904. (the "Property").

6. All events giving rise to this lawsuit occurred in the Middle District of Florida, Lee County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

7. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

8. The Property owned by Defendant, a shopping plaza, is a place of public accommodation under 42 U.S.C. § 12181(7)(E) because it includes sales

and/or retail establishments.

9. Plaintiff has visited the Property several times over the past year and attempted to utilize the goods and services offered there. The Property is located just under ten (10) miles from Plaintiff's residence, or a twenty (20) minute drive. Plaintiff lives and frequently shops in to the Cape Coral area on a daily basis.

10. Plaintiff most recently visited and shopped at the Property in mid-September, 2026. While there, Plaintiff encountered serious difficulty accessing the goods and utilizing the services thereon due to the architectural barriers more fully discussed herein.

11. Mr. Judy still desires to visit the Defendant's Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

12. Plaintiff plans to and will visit the Property about few months because it includes stores that he enjoys. Furthermore, but for the barriers to access described herein, Plaintiff would patronize at the Property more often.

13. Defendant is in violation of 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. §§ 36.304, 36.401 or 36.402,[1] and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the

[1] Depending on the date when certain accessibility features were first constructed or altered.

following architectural barriers which Plaintiff personally encountered and which hindered/reduced Plaintiff's access throughout the Defendant's Property:

A. Plaintiff personally encountered an inaccessible parking space designated for disabled use near the entrance to Carmen's Suits due to a large built-up ramp which protrudes into the access aisle and space, causing slopes in excess of 1:48 in violation of 2010 ADAAG §§ 406.5 and 502.4. This condition was a dangerous falling hazard for the Plaintiff as he attempted to park and load into and out of his vehicle on the sloped and obstructed ground surface.

B. Plaintiff personally encountered an inaccessible parking space designated for disabled use near the entrance to Unit 1D of the Biz Suites due to a built-up ramp which protrudes into its access aisle and space, causing slopes in excess of 1:48 in violation of 2010 ADAAG §§ 406.5 and 502.4. This condition was a dangerous falling hazard for the Plaintiff as he attempted to park and load into and out of his vehicle on the sloped and obstructed ground surface.

C. Plaintiff personally encountered two (2) inaccessible curb ramps leading from the ADA parking spaces to the Property sidewalk (same ramps as noted above) due to steep slopes, pavement in disrepair, and because they obstruct the ADA parking spaces in violation of 2010

ADAAG §§ 405.2, 406.2, 406.3, 406.5 and 502.4. These conditions were a dangerous falling hazard for the Plaintiff as he attempted to maneuver onto the sidewalk via these ramps.

14. Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist. Furthermore, Defendant has failed to maintain its Property in an accessible condition as required under 28 C.F.R. § 36.211.

15. While Plaintiff intends to return to the Property as a patron because he resides nearby and enjoys the stores located at the Property, Plaintiff pleads that yet another reason for his return is to determine whether the barriers to access stated herein have been remedied.

16. Removal of the barriers to access located on the Property, such as restriping the ADA parking spaces, relocating the spaces away from the protruding curb ramps to ensure level surfaces, and regrading ramps with compliant slopes, is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff seeks reimbursement of his reasonable

attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505.

WHEREFORE, the Plaintiff, JEFFREY JUDY, demands judgment against Defendant, 3046 DEL PRADO S, LLC, and requests the following injunctive and declaratory relief:

A. That the Court declare that the Property owned and/or operated by Defendant is in violation of the ADA;

B. That the Court enter an Order directing Defendant to alter the Property to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and modify its policies and procedures within a reasonable time to ensure compliance with the ADA;

D. That the Court award Plaintiff's reasonable attorney's fees, costs, and other expenses of suit; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated: October 29, 2026.

Respectfully Submitted,

MUSSMAN & ASSOCIATES, P.A.
18501 Pines Blvd, Suite 349
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@kumussman.com

By: *<u>/s/ Louis I. Mussman</u>*
Louis I. Mussman, Esq. (Lead Counsel)
(FL Bar # 597155)